**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EARNEST CASSELL WOODS II, | No. 16-16050 |
| Plaintiff-Appellant, | D.C. No. 2:04-cv-01225-MCE-AC |
| v. | MEMORANDUM[*] |
| TOM L. CAREY, Warden; CERVANTES, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Earnest Cassell Woods II, a California state prisoner, appeals pro se from the

district court's judgment enforcing the terms of a settlement agreement in his 42

U.S.C. § 1983 action alleging deliberate indifference to his serious dental needs.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the district court's enforcement of a settlement agreement, *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002), and for clear error the district court's findings whether Woods consented to the settlement and intended to be bound by it, *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988). We affirm.

The district court did not abuse its discretion by enforcing the parties' settlement agreement because the district court's findings that Woods agreed to the terms, and that Woods did not assent under duress or based on a mistake of fact, were not clearly erroneous. *See Doi*, 276 F.3d at 1137-40 (district court did not abuse its discretion in enforcing settlement agreement where material terms of agreement were read into the record and parties agreed to them); *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."); *see also* Cal. Civ. Code § 1550 (elements of a contract under California law); *id.* § 1567 (consent not free when obtained through duress, fraud, undue influence, or mistake).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Woods's requests for judicial notice, set forth in his reply brief, and Docket

16-16050

Entry Nos. 5 and 8, are denied.

**AFFIRMED.**